IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA D. BRINSON | ) | CASE NO. 1:10CV0038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CITIGROUP, *et* al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Pamela D. Brinson brings this action under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* against Defendants Citigroup, Inc., Vikram Pandit and Christina Sandeem. In the body of the Complaint, she alludes that she has a cause of action under the Truth-In-Lending Act, 15 U.S.C. § 1601 *et seq*. This matter is before the Court upon the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF 7). The Court has also reviewed Plaintiff's Brief in Opposition titled "Plaintiff's Motion for Permission in Leave for Omitted Counterclaim Pursuant to Ohio Rule of Civil Procedure 13(F)." (ECF 8).[1] In addition, Plaintiff has filed a Motion to Compel Discovery (ECF 9) and a Motion in Opposition to Defendants' Pleading to Set Date to Respond to the Complaint. (ECF 6).

**Facts**

Plaintiff alleges in her Complaint that her Citibank credit card was declined at Dave's

---

[1] This Motion is frivolous because a plaintiff cannot file a counterclaim and the Ohio Rules of Civil Procedure do not apply in federal court. Furthermore, there is no 13(f) in the federal rules.

Supermarket. She subsequently learned after weeks of telephoning Citibank that her credit line was decreased from $6,700.00 to $1,520.00. Plaintiff asserts that the reason for the decrease was her income and gender. She states "The Plaintiff hereon asserts Citibank, Inc. representative alluded to the Plaintiff hereon, marital status being a chief or principal basis as to why her credit line was decreased."

**12(b)(2)**

Defendants Vikram Pandit and Christina Sandeem have moved to dismiss the Complaint for lack of personal jurisdiction. Although named in the caption, they are not mentioned in the Complaint. Where the Motion is to be considered without evidentiary hearing or further discovery, a plaintiff' has the burden to make a prima facie showing of jurisdiction. *Epic Communications, Inc. v. Progressive Communications, Inc.*, 2008 WL 1930419 * 1 -3 (N.D.Ohio, Apr. 30, 2008) (citing *Hunter v. Mendoza*, 197 F.Supp.2d 964, 967 (N.D.Ohio, 2002)). Plaintiff may not rest on her pleadings, but must submit an affidavit or otherwise set forth specific facts showing the court has jurisdiction. *Theunissen v. Matthews d/b/a Matthews Lumber Transfer,* 935 F.2d 1454, 1458 (6th Cir.1991).

Plaintiff has the burden of demonstrating a prima facie case that the exercise by this Court of personal jurisdiction over Vikram Pandit and Christina Sandeem is authorized by Ohio's long-arm statute, Ohio Rev.Code § 2307.382, and that the exercise of personal jurisdiction by this Court comports with the Due Process Clause of the U.S. Constitution. *Katz v. Meli Investments, LLC,* 2009 WL 81149 * 8 (S.D. Ohio, Jan. 9, 2009).[2] Ohio Revised Code Setion 2307.382 provides:

---

[2] The Ohio Supreme Court has determined that Ohio's long-arm statute does not extend personal jurisdiction to the limits of due process. *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541 (1994). Therefore, both prongs of the constitutional analysis must be

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Plaintiff has not responded to this issue except for the statement that Defendants' Motion is an

---

analyzed separately. *Irizarry v. East Longitude Trading Co. Ltd.,* 296 F.Supp.2d 862, 865 (N.D.Ohio,2003*)* ( *Hunter v. Armando,* 197 F.Supp.2d 964, 968 (N.D.Ohio 2002)).

"artificial argument." Therefore, without even indicating how these two Defendants participated in any illegal conduct toward her, Plaintiff has failed to meet her burden showing personal jurisdiction over Vikram Pandit and Christina Sandeem under Ohio's long arm statute.

In order for personal jurisdiction to be constitutional under the Due Process Clause, the Defendants must have certain minimum contacts with the State of Ohio such that maintenance of the suit in Ohio does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316 (1945). The Sixth Circuit has established a three-part test to determine the constitutionality of exercising specific personal jurisdiction over a non-resident defendant: 1) each Defendant must purposefully avail himself or herself with the privilege of conducting activities in Ohio or causing consequence in Ohio; 2) the cause of action must arise from each Defendant's activities in Ohio; and 3) the acts of each Defendant or the consequences caused by him or her must have a substantial enough connection with Ohio to provide that exercising jurisdiction over the particular Defendant is reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968); *Bridgeport Music, Inc. v. Still N the Water Pub.,* 327 F.3d 472, 477-78 (6th Cir.2003).

The same reasoning applies to whether personal jurisdiction over Vikram Pandit and Christina Sandeem comports with the Due Process Clause of the U.S. Constitution. There is nothing in the record even showing that any individual Defendant had anything to do with the conduct alleged in the Complaint. Therefore, the Court need not consider the three part test to determine whether personal jurisdiction exists under the Due Process Clause.

**12(b)(6)**

When ruling on a Rule 12(b)(6) Motion to Dismiss, the Court must construe the Complaint liberally, in a light most favorable to the non-moving party. *Block v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). In determining a Motion to Dismiss for Failure to State a Claim, the allegations in the Complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976). The Court does not resolve contested facts or rule upon the merits of the case. *McIntosh v. Butler County Children's Services Bd.*, 2010 WL 1253545 * 1 (S.D. Ohio, Mar. 12, 2010) (citing *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 519 (S.D. Ohio, 1995)). Bare assertions of legal conclusions cannot satisfy federal notice pleading requirements. *Sogevalor SA. v. Penn Central Corp.,* 771 F.Supp. 890, 893 (S.D. Ohio, 1991). A Complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101 (6th Cir.1995); *McIntosh*, 2010 WL 1253545 at * 1. The Court must "determine whether the Plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus,* 507 F.3d 383, 387-88 (6th Cir.2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir.2001)).

Plaintiff's Complaint is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). For this Act to apply to the present case, Plaintiff must be employed by Citigroup. She does not allege such employment in the Complaint and the facts show that this action does not arise out

of her employment. Therefore, Plaintiff has not stated a cause of action under VII.

The Truth-In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* mentioned in the Complaint, was designed to increase the information available to consumers in credit transactions. TILA seeks to foster the "informed use of credit" by revealing the full price of credit to the consumer. *Cornist v. B.J.T. Auto Sales, Inc.*, 272 F.3d 322, 326 (6th Cir. 2001) (citing *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 364-65 (1973)). The Truth-In-Lending Act does not apply to Plaintiff's claim that her credit card limit was decreased. Thus, there is no cause of action under TILA.

Plaintiff alleged that her credit card limit was decreased because of her gender and marital status. 15 U.S.C. § 1691(a) of the Equal Credit Opportunity Act ("ECOA") provides in pertinent part:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
>
> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);...

At the present time, she has stated a claim under the ECOA precluding dismissal of this action against Citigroup.

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is granted. (ECF 2). The Motion to Dismiss for Lack of Personal Jurisdiction filed by Vikram Pandit and Christina Sandeem is granted. Vikram Pandit and Christina Sandeem are dismissed as party Defendants. The Motion to Dismiss for Failure to State a Claim is denied. Plaintiff's Motions for Permission in Leave for Omitted Counterclaim Pursuant to Ohio Rule of Civil Procedure 13(F), to Compel Discovery and in Opposition to Defendants' Pleading to Set Date to Respond to the Complaint are denied.

IT IS SO ORDERED**.**

Date: April 16, 2010                             S/Christopher A. Boyko
                                                 JUDGE CHRISTOPHER A. BOYKO
                                                 UNITED STATES DISTRICT JUDGE

7